[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14610
Non-Argument Calendar

_____

D. C. Docket No. 06-00005-CR-KD-M

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAEL AARON NETTLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 3, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

On December 21, 2005, three masked intruders forced their way into a

Mobile, Alabama residence occupied by appellant, his girlfriend, Jazzmon Arnold, their two-year old son, and appellant's cousin, Travis Davis. The intruders shot and killed Davis, tried to kill appellant (he received five bullet wounds), and ransacked the house apparently looking for cash. Though seriously wounded, appellant was able to get to a telephone and place a 911 call to the Mobile police. The first officers to the scene found a plastic bag of crack cocaine on the front steps of the house and blood all over the porch. Through the front door, they saw appellant and Davis lying on the floor. They called the homicide unit, and several officers responded. Meanwhile, a team of paramedics arrived and transported appellant to the hospital.

During the ensuing search of the residence, officers observed blood throughout the house, indicating that a fierce struggle had occurred. The rooms were in total disarray, having been ransacked. The officers found crack cocaine, marijuana, and drug paraphernalia in several places, a loaded shotgun, and a safe containing $20,000 in cash and a loaded magazine for a Glock pistol.

A Southern District of Alabama subsequently returned a five-count indictment against appellant, charging him in Counts One and Two with possession with intent to distribute crack cocaine and powder cocaine, respectively, on December 21, 2005; in Count Three with possession with intent to distribute

2

marijuana on the same day; in Count Five with using and carrying a shotgun during and in relation to those offenses; and Count Four with possession with intent to distribute crack cocaine on February 6, 2006 (while the police were transporting him to the police station following his arrest).

Appellant pled not guilty and stood trial. At the close of the evidence, the district court directed a verdict for appellant on Count Five. The jury then found him guilty as charged on Counts One and Two and guilty on Count Three of the lesser included offense of simple possession of marijuana. The jury found him not guilty on Count Four.

The presentence investigation report grouped these convictions together to calculate appellant's offense level, and arrived at an adjusted base offense level of 40. Coupled with appellant's criminal history category of I, this offense level yielded a Guidelines sentence range of 292-365 months' imprisonment. The court thereafter sentenced appellant to concurrent prison terms of 365 months on Count One, 240 months on Count Two, and 12 months on Count Three.[1] Appellant now appeals his convictions and sentences.

As for his convictions, appellant argues that the evidence was insufficient to convict on Counts One and Two, and that we should direct the entry of judgment

---

[1] The crack cocaine quantities involved in the Counts One and Two offenses led to the differences in the sentences on those counts.

of acquittal on those counts. He argues alternatively that he should be granted a new trial. We address these arguments in order, then turn to the validity of challenges to his sentences.

Counts One and Two charged appellant with possession with intent to distribute over 50 grams of crack cocaine and possession with intent to distribute more than 50 grams of powder cocaine. To convict him of possession with intent to distribute, the Government had to establish the following three elements: "(1) knowledge; (2) possession; and (3) intent to distribute." United States v. Gamboa, 166 F.3d 1327, 1331 (11th Cir. 1999). The possession element could be established through constructive possession, which is proven "by showing ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." Id. (citation omitted). Appellant does not challenge the quantity of crack or powder cocaine involved, but argues that the evidence did not show that any of the cocaine belonged to him or that he intended to distribute it.

Here, viewing the evidence in the light most favorable to the Government and drawing all inferences in favor of the jury's determination, the evidence presented at trial clearly supported the jury's verdict on Counts One and Two. The proof established that crack and powder cocaine was discovered throughout appellant's residence – on his front porch and in his backyard. The evidence also

4

established appellant had scales, measuring spoons with a white residue on them, rubber bands, and plastic bags near some of the drugs. Finally, there was the $20,000 in cash.

Although appellant testified that he did not know that the cocaine was in his home and that only $10,000 of the cash belonged to him – because he had saved it from working "odd jobs" and selling marijuana, but not cocaine – the jury necessarily discredited this testimony by finding him guilty. Furthermore, because the jury disbelieved his testimony, it was entitled to infer that the opposite of what he said was true. United States v. Thompson, 473 F.3d 1137, 1143 (11th Cir. 2006), cert. denied, (U.S. April 30, 2007) (No. 06-10433). Because the jury's credibility determination in this case was reasonable, we must accept it. See Garcia, 447 F.3d at 1334. In sum, the evidence was more than adequate to convict on Counts One and Two. We therefore turn to the reasons why appellant seeks a new trial.

1) Appellant contends that the district court abused its discretion in limiting his cross-examination of officer Stewart concerning statements he made to Stewart while the police were investigating the case. On direct, Stewart had described his meeting with appellant on December 29, 2005, when he came to the police station. Appellant, though not under arrest, was advised of his rights, and agreed to talk to

Stewart. The prosecutor asked Stewart whether he asked appellant if he had a job; Stewart said he had and that appellant said he "was not employed." The prosecutor then asked Stewart if he asked appellant about the shotgun, and Stewart replied: "He stated that the shotgun belonged to him." On cross-examination, defense counsel asked Stewart what appellant told him about the marijuana found at the residence, and the Government objected that a response would constitute hearsay. The court sustained the objection, informing counsel that he could cross-examine Stewart about anything he said on direct.

Appellant argues that, in sustaining the objection, the court not only abused its discretion, but denied him his Sixth Amendment right of confrontation as well.[2] The problem appellant faces is that he did not proffer the inquiry he wished to make. His attorney could have asked the court to excuse the jury so he could cross-examine Stewart on other matters, but he did not do that. We have no idea what he would have asked Stewart, or what Stewart's answers would have been. In short, the lack of a proffer prevents us from determining whether the court should have let counsel proceed. Appellant's argument therefore fails.

2) Appellant contends that the court abused its discretion in barring him from calling Ms. Arnold to the witness stand so she could invoke her Fifth

---

[2] Appellant did not raise this Sixth Amendment argument in the district court. If he had, and had the court overruled it, we would sustain its ruling for the reason stated in the text.

6

Amendment right to remain silent. (Arnold was facing charges in state court relating to the events of December 21, 2005, and her attorney had advised her to take the Fifth.) We find no abuse. See United States v. Beechum, 582 F.2d 898, 908-09 (5th Cir. 1978) (en banc).

3) Appellant contends that he should be granted a new trial because the prosecutor, during closing argument to the jury, commented on Arnold's failure to testify. The Government's response is that defense counsel opened the door, and that even if the comment was improper, appellant's substantial rights were not prejudiced. We agree. There is no reasonable probability that, given the overwhelming evidence of guilt, the outcome of the trial would have been different.

4) Appellant argues that the court abused its discretion in denying his motions for mistrial. The first motion was made during trial, after he received a fingerprint report that showed that the police had attempted to obtain fingerprints from the evidence in this case but were unable to, with the exception of one fingerprint that did not match appellant's. Appellant did not argue that the Government improperly withheld this evidence, and he does not make that argument here. What he contends is a mistrial should have been granted because, prior to receiving the report, he had questioned prosecution witnesses about

7

whether the police had attempted to take fingerprints.

This claim is without merit because appellant failed to show any prejudicial effect from the fingerprint report. The report was actually favorable to him because it showed that the police were unable to obtain his fingerprints. Additionally, any prejudicial effect from receiving the report after he had cross-examined witnesses who stated that it was not their responsibility to take fingerprints was minimal. Further, any potential prejudice was cured when the court allowed him, not the government, to introduce the evidence, and he had two witnesses testify that the police did not find his fingerprints on any of the evidence.

The second motion for a mistrial was made when, on cross-examination, a prosecution witness made a statement that, appellant contends, was made in violation of a motion in limine. The record does not reveal, however, that the court had ruled on the motion in limine at the time the witness made the statement. Moreover, defense counsel elicited the statement. There is simply no reasonable probability that, but for the witness's statement, the outcome of the trial would have been different.

In conclusion, there is no sound basis in this record for ordering a new trial. We therefore turn to the validity of appellant's sentences.

8

After the Supreme Court's ruling in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court, in determining a reasonable sentence, must consider the sentencing range prescribed by the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). United States v. Valnor, 451 F.3d 744, 749-50 (11th Cir. 2006). "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." Id. (citation omitted).

The reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the party challenging the sentence. Id. Although a sentence within the Guidelines range will not be considered per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational

9

training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. The court need not discuss each factor or state on the record that it has explicitly considered each factor. Talley, 431 F.3d at 786. An acknowledgment by the court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

The record reveals that the court considered the nature and circumstances of the offense, the advisory Guidelines range, and the need for the sentences to reflect the seriousness of the offenses, to provide just punishment and deterrence, and to protect the public from further crimes, all of which are considerations under 18 U.S.C. § 3553(a). Appellant fails to point to any of the § 3553(a) factors that the court did not take into account in light of the facts of his case. Accordingly, he has not met his burden to show that his sentences are unreasonable.

AFFIRMED.